# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Harrisonburg Division

| | | |
|---|---|---|
| James A. Hegedus and Virginia E. Hegedus, | ) ) ) | Civil Action No. 5:16-cv-00001 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Nationstar Mortgage, LLC, | ) ) | |
| Defendant. | ) ) | |
| | ) | |

## DEFENDANT NATIONSTAR MORTGAGE LLC'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Nationstar Mortgage LLC, by counsel, seeks dismissal of the claims alleged by Plaintiffs James and Virginia Hegedus ("Plaintiffs"). Nationstar's motion to dismiss should be granted, and Plaintiffs' theories of liability should be dismissed with prejudice for the following reasons:

- Plaintiffs lack standing to challenge any transfer or assignments of the note and deed of trust at issue in this case; and any purported securitization of their mortgage loan does not give rise to cause of action.

- Applicable statutes of limitations bar Plaintiff's theories of liability under the Truth In Lending Act ("TILA") and Fair Debt Collection Practices Act ("FDCPA").

- Plaintiffs have failed to state a claim for fraud under Virginia law.

- Plaintiffs have failed to state a claim under the Virginia Consumer Protection Act ("VCPA").

- Plaintiffs have failed to allege a claim for intentional infliction of emotional distress pursuant to Virginia law.

- Because Plaintiffs allege the existence of a mortgage loan that Nationstar services, Plaintiffs' unjust enrichment claim fails because the terms of the note and mortgage govern the debtor-creditor relationship.

- Plaintiffs have failed to properly plead a claim for any violation of RESPA.

To this end, Nationstar prays that the court grant its motion to dismiss and dismiss the claims alleged with prejudice.

## BACKGROUND

Plaintiffs own two residences. One residence is in Virginia (Compl. ¶ 1), and the other is in Delaware. This case concerns Nationstar's servicing of Plaintiffs' note that is secured by a mortgage encumbering Plaintiffs' second home at 20231 Cubbage Road, Lincoln, Delaware 19960 ("Property"). (Compl. Ex. E, Notice of Default dated 12/16/2013.) A copy of the mortgage securing Plaintiffs' note is attached as Exhibit 1 to Nationstar's motion to dismiss. In their complaint, Plaintiffs allege the following causes of action against Nationstar: fraud, intentional infliction of emotional distress, unjust enrichment, violation of the FDCPA, violation of TILA, and violation of RESPA. (Compl. ¶¶ 4, 6, 19, 21, 22.) In conclusory fashion, Plaintiffs also allege violations of a "deceptive trade practices" act without citing to any applicable statutory provisions that identify the statute giving rise to the claim. (Compl. ¶¶ 6(a), 6(c), 6(f), 14, 15, 20.) For purposes of this motion to dismiss, Nationstar presumes that the borrower is attempting to allege a claim pursuant to Virginia's Consumer Protection Act. Plaintiffs' complaint seeks an award of damages that purportedly arise from the following alleged acts by Nationstar:

- Being identified as the mortgagee on Plaintiffs' hazard insurance policy for the Property in 2012 and lacking the right to be the servicer of Plaintiffs' mortgage loan (Compl. ¶¶ 15, 29, 33, 41, 42, 44 & Exs. I & J );

- Improper identification of the holder of the Plaintiffs' mortgage loan (Compl. ¶¶ 13, 27, 28, 30);

- Transmission of correspondence to Plaintiffs during the period of December 20, 2012 through May 19, 2014 (Compl. ¶¶ 6(a)-6(f), 40 & Exs. A through F);

2

- Placing the mortgage loan in default, accelerating the balance due, and improper handling of monthly payments through the use of a suspense account, use of an escrow account, and refund of monthly payments (Compl. ¶¶ 6(g), 7-9, 16-17, 23-26, 36, 37 & Ex. G, 23);

- Securitization and transfer of Plaintiff's mortgage loan from the originating lender, First Horizon Home Loan Corporation, to Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the holders of the Certificates, First Horizon Pass-Through Certificates Series FHAMS 2006-FA5 (Compl. ¶¶ 13, 27-30, 34-35, & Ex. F);

- Failing to transmit to Plaintiffs monthly mortgage statements beginning in April 2014 and failing to verify the debt that Plaintiffs owe (Compl. ¶¶ 14, 31);

- Failing to respond to purported QWRs transmitted by Plaintiffs on August 25, 2014, June 6, 2015, June 15, 2015, June 19, 2015 and July 6, 2015 (Compl. ¶¶ 18, 38-39).

Plaintiffs fail to allege that they relied on any alleged statements by Nationstar about their mortgage loan or how any acts by purportedly committed by Nationstar caused Plaintiffs any loss. (Compl. at 14.) Moreover, nothing in the complaint specifies facts showing how Nationstar's purported representations and disclosures about their mortgage loan are false. (Compl. *passim.*) Plaintiffs take issue with Nationstar's servicing of their mortgage loan but have alleged nothing more than a "show me the note" action that involves an accounting dispute with Nationstar and their belief that Nationstar lacks standing to collect their monthly mortgage payments.

## STANDARD FOR DECISION

To properly state a claim upon which relief may be granted, a plaintiff's allegations must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard requires a plaintiff to demonstrate more than a "sheer possibility that a defendant has acted unlawfully." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). "It requires the plaintiff to articulate facts, when accepted as true, that show that the plaintiff has stated a claim entitling him to relief, i.e., the plausibility of entitlement to relief." *Id.* In the Fourth Circuit, a motion to dismiss may raise a statute of limitation defense if the time bar is

apparent on the face of the complaint.  *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005).

Generally, the district court does not consider extrinsic materials when evaluating a complaint under Rule 12(b)(6).  The court may, however, consider "documents incorporated into the complaint by reference," *Tellabs, Inc.* v. *Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, (2007), as well as documents attached to a motion to dismiss, so long as they are integral to or explicitly relied upon in the complaint, and the authenticity of such documents is not disputed. *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *Phillips v. LCI Int'l, Inc.* 190 F.3d 609, 618 (4th Cir. 1999); *see, e.g., Luther v. Wells Fargo Bank, N.A.*, No. 4:13-cv-00072, 2014 U.S. Dist. LEXIS 100728, at * (W.D. Va. July 24, 2014) (considering terms of note attached to a motion to dismiss borrower's complaint against mortgage-lender).

## ARGUMENTS

**I.      Plaintiffs lack standing to challenge any transfer or assignments of their note and mortgage and any related servicing rights; any purported securitization of their mortgage loan does not give rise to cause of action.**

Plaintiffs attempt to allege a TILA and fraud claim based upon the transfer of Plaintiffs' mortgage loan from First Tennessee Bank to the Bank of New York. (Compl. ¶¶ 13, 21, 27, 28, 30.)  They further allege that it was improper for any servicing rights associated with their mortgage to be transferred to Nationstar and for Nationstar to service Plaintiffs' mortgage loan. (Compl. ¶¶ 6(e), 13, 29, & Ex. E.)  According to Plaintiffs, Nationstar cannot service their mortgage loan because it has been "securitized" pursuant to a "[p]ooling and [s]ervicing [a]greement."  (Compl. ¶¶ 13, 29, 41, 42.)  These allegations, however, cannot state either a TILA or fraud claim because Plaintiffs' lack standing to challenge any transfer or assignment of their mortgage and related servicing rights.  *See Wolf v. Fannie* Mae, 830 F. Supp. 2d 153, 161

74955457_3

(W.D. Va. 2011) ("absent an enforceable contract right, a party lacks standing to challenge the validity of the contract"). Moreover, nothing in Plaintiffs' complaint alleged any right or interest to enforce any provisions of the pooling and servicing agreement identified in the complaint. (Compl. ¶¶ 6(e), 13, 29, & Ex. E.) The United States District Court for the District of South Carolina addressed this very same issue and concluded that borrowers lacked standing to challenge assignments of a mortgage pursuant to a pooling and servicing agreement to which they are not a party, stating as follows:

> [W]here the matter concerns a negotiable instrument payable upon presentation by the holder in possession, the third-party debtor who is not a beneficiary to the pooling and serving agreement lacks standing to challenge holder's rights to enforce the negotiable instrument due to an alleged invalidity in or noncompliance with the pooling and serving agreement."

*See Scheider v. Deutsche Bank Nat'l Trust Co.*, No. 9:11-395-SB, 2013 U.S. Dist. LEXIS 187777, at *13-*14 (D.S.C. Apr. 11, 2013). Accordingly, Plaintiffs cannot base TILA or fraud claims on alleged noncompliance with the terms of any purported pooling and servicing agreement.

Finally, it is well established that "there is no legal authority that the sale or pooling of investment interest in an underlying note can relieve borrowers of their mortgage obligations or extinguish a secured party's rights to foreclose on a secured property." *Blick v. JPMorgan Chase Bank, N.A.*, No. 3:12cv00001, 2012 U.S. Dist. LEXIS 41265, at *14-*15 (W.D. Va. Mar. 27, 2012) (quoting *Zambrano v. HSBC Bank USA, Inc.*, No. 1:09cv00996, 2010 U.S. Dist. LEXIS 51371, at *25 (E.D. Va. May 25, 2010), *aff'd*, 2011 U.S. App. 17058 (4th Cir. 2011)). Therefore, the securitization of Plaintiffs' mortgage loan does not preclude Nationstar, as servicer, from collecting amounts due on the mortgage loan or enforcing any other lender rights, such as accelerating the balance, declaring default, or being named the mortgagee on Plaintiffs'

5

hazard insurance policy for the Property.   As such, Plaintiffs' TILA and fraud claims must be dismissed.

## II.     Plaintiff's TILA and FDCPA claims are time barred.

Plaintiffs' TILA and FDCPA claims are time-barred by the applicable one-year statutes of limitations because all of the alleged conduct in support of these claims occurred between December 19, 2012 and October 2014 and Plaintiffs' complaint was not filed until January 4, 2016. (Compl.)

### a.  All of Plaintiffs' TILA claims are barred by TILA's one year statute of limitations.

"The statute of limitations governing civil actions for money damages under TILA, which is 15 U.S.C.§ 1640(e), provides that any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." *Yarney v. Wells Fargo Bank, N.A.*, No. 3:09cv00050, 2010 U.S. Dist. LEXIS 76069, at *36 (W.D. Va. Aug. 5, 2010).

Plaintiffs' filed their complaint on January 4, 2016.  As noted above, paragraph 13 of the complaint cannot support Plaintiffs' TILA claim due to lack of standing as discussed in part I of this brief.  The remaining allegations made in support of the TILA claim also fail because they only concern alleged conduct that occurred well before January 4, 2015.  In the complaint, Plaintiffs allege that identification of Nationstar on the hazard insurance policy for the Property on October 3, 2012 constitutes a TILA violation.   (Compl. ¶ 15 & Ex. J.)   Plaintiffs also allege that the contents of correspondence sent by Nationstar on December 19, 2012, January 17, 2014, and May 19, 2014 violates TILA.  (Compl. ¶¶ 6(a), (d), (e), & (f)).  Finally, Plaintiffs allege that Nationstar violated TILA by purportedly ceasing to send them monthly statements as of April 2014.  (Compl. ¶ 14.)

74955457_3

Here, Plaintiffs' TILA claim cannot be based on any alleged activities that occurred before January 4, 2015. Because the foregoing TILA allegations concern events that occurred before January 4, 2015, Plaintiffs' TILA claim is time barred.

### b. The FDCPA's one-year statute of limitations bars Plaintiffs' FDCPA claim.

Under the FDCPA, there is a one year statute of limitation: "An action to enforce any liability created by this title may be brought… within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d); *see also Longrove v. Ocwen Loan Servicing, LLC*, No. 7:14cv00329, 2015 U.S. Dist. LEXIS 112768, at *39 (W.D. Va. Aug. 25, 2015)("FDCPA claims must be brought "within one year from the date on which the violation occurs."). "Generally, an action under the FDCPA accrues when a communication violating the FDCPA is sent." *Id.* (internal quotations omitted).

Although in paragraph 17 of the complaint Plaintiffs plead an alleged July 2015 violation of the FDCPA, these allegations cannot support an FDCPA claim because they fail to articulate the content of any communications made by Nationstar's counsel in violation of the FDCPA. (Compl. ¶ 17.) The only description of the alleged improper responses by Nationstar's counsel is Plaintiffs' characterization that the communications were couched "in a manner to deceive, using a slight [sic] of hand tactic." (Compl. ¶ 17.) To this end, the only facts that paragraph 17 can be deemed to allege are that Nationstar's counsel sent Plaintiffs a notice of default and acceleration in July 2015, Plaintiffs disputed the debt, and Nationstar's counsel responded to Plaintiffs improperly. But because Plaintiffs do not describe the content of the responses provided by Nationstar's counsel, the court and Nationstar are left to guess whether any part of the alleged response constitutes a violation of the FDCPA. For this reason, the paragraph 17 allegations simply do not state a cause of action and do not avoid the one-year statute of

74955457_3

limitations applicable to FDCPA claims. *See* Fed. R. Civ. P. 8; *Iqbal*, 556 U.S. at 678 (noting that a complaint does not suffice if it tenders "naked assertions devoid of further factual enhancement").

All of the remaining allegations made in support of Plaintiffs' FDCPA claim concern activities that occurred well before the January 4, 2015 deadline for asserting such a claim. In the complaint, Plaintiffs allege improper disclosures in letters dated December 20, 2012, December 16, 2013, January 17, 2014, and May 19, 2014. (Compl. ¶¶ 6(b), (e), & (f)) Next, they allege improper use of an escrow account to handle a $140.17 property tax refund in August 2013. (Compl. ¶ 8 & Ex. G). Finally, Plaintiffs allege that transmission of a notice of default and acceleration by Nationstar's counsel during October 2014 violated the FDCPA. (Compl. ¶ 16.) Here, the face of the complaint establishes that none of these alleged acts occurred within the one-year statute of limitations provided by the FDCPA. Plaintiffs' FDCPA claim is therefore time-barred and should be dismissed with prejudice.

**III.    Plaintiffs have failed to allege a claim for fraud under Virginia law.**

Plaintiffs' fraud claim fails to state a claim for relief for three reasons: Plaintiffs fail to plead reliance on any of the acts or omissions purportedly committed by Nationstar; Nationstar's alleged mishandling of payments fails to state a claim for relief because Nationstar's servicing of the mortgage loan is controlled by the provisions of the note and mortgage; and the fraud allegations in paragraph 17 of the complaint fails to state a claim for relief because the allegations fail to satisfy the specificity requirement of Rule 9(b) of the Federal Rules of Civil Procedure.

### a. Plaintiffs have failed to allege facts showing their reasonable reliance on any of the alleged representations or omissions by Nationstar.

Under Virginia law, a claim for actual fraud requires: (1) a false representation of material fact; (2) intentionally and knowingly made with the intent to mislead; (3) reliance by the misled party; and (4) damages resulting from such reliance." *Wachovia Bank, N.A. v. Preston Lake Home, LLC*, 750 F. Supp. 2d 682, 691 (W.D. Va. 2010). Constructive fraud requires a claimant to demonstrate the same elements as actual fraud, "except the false representation can be made innocently or negligently." *Id.* Further, "a claim of fraud and misrepresentation requires reasonable reliance on the false and material statements." *Muncy v. Centex Home Equity Co., LLC,* No. 1:14cv00016, 2014 U.S. Dist. LEXIS 148618, at *5 (W.D. Va. Oct. 20, 2014). Nothing in the allegations that Plaintiffs assign to their fraud claim establishes their reasonable reliance on any representations by Nationstar. (Compl. *passim.*) If anything, the fraud allegations made by Plaintiffs indicate that they did not rely on any representations by Nationstar concerning their mortgage loan.

In the complaint, Plaintiffs attempt to allege a fraud claim against Nationstar by contesting Nationstar's role as servicer for their mortgage loan, its identification as the mortgagee on the hazard insurance policy for the Property, and Nationstar's disclosure of the different investors holding their mortgage loan. (Compl. ¶¶ 6(a) & (e), 13, 15.) These allegations do not show any reliance because Plaintiffs expressly challenge Nationstar's representation that it is the servicer of their mortgage loan and Nationstar's identification of the different investors who have held their mortgage loan. Nor do Plaintiffs allege any reliance on the identification of Nationstar as mortgagee on the insurance policy in question.

Plaintiffs also allege that Nationstar improperly declined their requests to provide them with possession of the original note that they executed to obtain the loan proceeds used to

purchase the Property.  (Compl. ¶ 6(c)-(d).)  To the extent that such a declination can even be deemed a factual representation, nothing here indicates that Plaintiffs relied on this representation because Plaintiffs argue that the copy of the endorsed note that Nationstar provided in response to their request for the original was not an accurate copy of the promissory note the Plaintiffs' signed.

Next, Plaintiffs question Nationstar's handling of their mortgage payments (Compl. ¶¶ 6(b), 7-9), and the way Nationstar executed an account disclosure statement that Plaintiffs mistakenly believe is an affidavit. (Compl. ¶ 6(f).)  According to these allegations, however, Plaintiffs refusal to cash a $700.11 refund that Nationstar provided to them indicates that they do not rely on Nationstar's handling of their mortgage payments in any way.  Further, Plaintiffs have not alleged any facts indicating that they remitted any additional payments to Nationstar in reliance upon any purported misrepresentations  Additionally, Plaintiffs do not allege that they relied on anything stated in the account disclosures identified in paragraph 6(f) of the complaint because Plaintiffs believe that those documents were improperly executed.

To allege fraud, Plaintiffs finally allege that they were not provided mortgage statements in April 2014 (Compl. ¶ 14) and that Nationstar's outside counsel allegedly made misrepresentations when addressing their dispute of debt.  (Compl. ¶17.)  But these allegations do not demonstrate reliance either because Plaintiffs concede that they contacted the Consumer Protection Bureau to address the mortgage statement issue, and nothing in the allegations about Nationstar's counsel indicates that Plaintiffs relied on any statements made by counsel.

Accordingly, in the absence of any factual allegations establishing Plaintiffs' reasonable reliance on any of Nationstar's alleged representations or omissions about their mortgage loan,

74955457_3

Plaintiffs fraud claim fails to state a viable claim for relief and should be dismissed with prejudice.

> **b. Nationstar's alleged mishandling of payments fails to state a claim for relief because Nationstar's servicing of the mortgage loan is controlled by the provisions of the note and mortgage.**

In Virginia, "to maintain an action for fraud, the plaintiff must show that the alleged misrepresentation was unrelated to the performance of a duty that was specifically required by the contract." *Jones v. Bank of Am. Corp.*, No. 4:09cv162, 2010 U.S. Dist. LEXIS 142918, at *27-*28 (E.D. Va. Aug. 24, 2010)(quoting *Richmond Metro. Auth. v. McDevitt St. Bovis*, 507 S.E.2d 344, 347 (Va. 1998)).  In conclusory fashion, Plaintiffs allege that Nationstar committed servicing fraud by improperly handling payments by purportedly imposing an escrow account, manufacturing a default by misapplying Plaintiffs alleged monthly payments, and improperly placing the mortgage loan in default to accelerate the balance due.  (Compl. ¶¶ 7-9, 23-26.)  These allegations concerning Nationstar's handling of monthly payments under Plaintiffs' promissory note, however, cannot support a claim for fraud because the application and handling of Plaintiffs' monthly payments are expressly governed the terms of the note and mortgage.  Here, the note that Plaintiffs signed expressly requires Plaintiffs to remit payments of principal and interest every first of the month beginning on August 1, 2006.  (Compl. ¶ 6(c) & Ex. C.)

Moreover, the mortgage securing Plaintiffs' repayment obligations under note address escrows for taxes and assessments, in part, as follows:

> **3. Funds for Escrow Items.**  Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the note is paid in full, a sum (the "Funds") to provide for payment of amounts due for:  (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property….These items are called "Escrow Items."

74955457_3

(Mortg. at ¶ 3.)  Accordingly, Plaintiffs cannot state a tort claim sounding in fraud based upon Nationstar's performance of contractual duties in handling monthly payments due under the note, including the handling of any "Escrow Items" such as taxes and assessments.  Plaintiffs' fraud claim should therefore be dismissed with prejudice.  *See Jones v. Bank of Am. Corp.*, 2010 U.S. Dist. LEXIS 142918, at *29 (dismissing borrowers' fraud claim where alleged misrepresentations related to rights and obligations imposed by a promissory note).

> ### c.  The allegations in paragraph 17 of the Complaint fail to state a claim for fraud because they lack sufficient particularity to satisfy the requirements of Fed. R. Civ.  9(b).

Under the Federal Rules of Civil Procedure, fraud claims must "state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  In particular, "the circumstances required to plead with particularity under Rule 9(b) are the time place, and contents of the false representations, as well as the identity of the person making the representation and what he obtained thereby."  *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999).   As previously discussed in part II(b) of this memorandum, the allegations in paragraph 17 of the complaint cannot support a fraud claim because they lack the requisite particularity describing the content of the "replies" allegedly made by Nationstar's counsel and the identity of the attorney making the misrepresentations.    To this end, the allegations in paragraph 17 fail to state a claim for fraud.  *See Craddock v. Beneficial Fin. I, Inc.*, No. 7:14-cv-00093, 2014 U.S. Dist. LEXIS 124290, at *6 (W.D. Va. Sept. 4, 2014) (dismissing fraud claim for lack of particularity where complaint did "not describe the contents of the alleged fraudulent misrepresentations, when they were made, where they were made, how they were made, or who made them").

## IV.     Plaintiffs have failed to state a claim for violation of the VCPA pursuant to Virginia law.

Plaintiffs fail to state a valid claim under the VCPA for three reasons.  First, the mortgage transaction at issue is subject regulation under the Federal Consumer Credit Protection Act, and therefore, Nationstar's servicing of Plaintiffs' mortgage loan is exempted from the VCPA pursuant to Va. Code Ann. § 59.1-199(C).  Second, Plaintiffs have failed to allege any misrepresentation of material facts.  Third, Plaintiffs have failed to allege any facts establishing Plaintiffs' reliance on the alleged representations that Nationstar made about Plaintiffs' mortgage loan.

### a. Because Plaintiffs seek remedies under TILA and the FDCPA, the VCPA does not apply to the matters alleged in the complaint.

Pursuant to Va. Code Ann. § 59.1-199(C), those aspects of a consumer transaction regulated by the Federal Consumer Credit Protection Act, 15 U.S.C. § 1601 *et seq.*, are not subject to the provisions of the VCPA.  *See Smith v. United States Credit Corp.*, 626 F. Supp. 102, 103 (E.D. Va. 1985) (finding VCPA inapplicable to borrower's TILA dispute).  Throughout the complaint, Plaintiffs allege that Nationstar's conduct violated TILA and the FDCPA, two regulatory schemes provided by the Federal Consumer Credit Protection Act.  In paragraph 6, Plaintiffs state that they "allege violations under" the FDCPA and TILA.  (Compl. ¶ 6.)  Next, in paragraphs 8, 13, 15, 16, and 17 of the complaint, Plaintiffs end each paragraph by stating that the alleged conduct "is a violation of TILA" or "is a clear violation the FDCPA" or similar words to that effect.  (Compl. ¶¶ 8, 13, 15, 16 and 17.).  Finally, in paragraphs 19 and 20, Plaintiffs state that they believe that Nationstar violated the FDCPA and TILA.  (Compl. ¶¶ 19-20.)

13

The clearest example that the VCPA does not apply to the matters alleged in this action can be found in in paragraph 14 of the complaint. Here, Plaintiffs allege that Nationstar stopped sending them monthly statements in April 2014. (Compl. ¶ 14.) The Federal Credit Consumer Protection Act, however, regulates the transmission of monthly mortgage statements through enforcement of Regulation Z—a TILA regulation. *See* 12 C.F.R. 1026.41.

Accordingly, the face of Plaintiffs' complaint establishes that the VCPA does not apply to the matters alleged in the Plaintiffs' complaint.

### b. Plaintiffs have failed to allege an intentional misrepresentation of any material facts to support their VCPA claim.

"To properly state a cause of action under the VCPA, [a] [p]laintiff must allege (1) fraud, (2) by a supplier, (3) in a consumer transaction." *Hamilton v. Boddi-Noell Enters.*, 88 F. Supp. 3d 588, 591 (W.D. Va. 2015). "Specifically, the VCPA requires a plaintiff to allege a fraudulent misrepresentation of fact." *Id.* "Further, allegations of misrepresentation of fact must include the elements of fraud: a false representation, of material fact, made intentionally and knowingly, with intent to mislead, reliance by the party misled, and resulting damage." *Id.* Plaintiffs have failed to plead facts alleging any false representation of fact, much less that representations were made knowingly and intentionally with intent to mislead. (Compl. *passim.*)

To state their VCPA claim, the Plaintiffs allege that Nationstar has been improperly identified on their hazard insurance policy as the beneficiary-mortgagee. (Compl. ¶ 15.) The identification of Nationstar on the hazard insurance policy simply reflects its position as servicer for Plaintiffs' mortgage loan and does nothing to demonstrate that Nationstar is attempting to intentionally mislead Plaintiffs with regard to its role as servicer, that Plaintiffs were in fact misled or that they were caused any damage by this notation on the policy.

14

Next, Plaintiffs allege that Nationstar sent them four letters that violated the VCPA. (Compl. ¶ 6(a).) The first letter is dated December 19, 2012, and according to Plaintiffs, the letter misidentified the address for the holder of their mortgage loan. (Compl. ¶ 6(a) & Ex. A.) Here, Plaintiffs' naked assertion that Nationstar allegedly misidentified the address for the owner of Plaintiffs' mortgage loan, The Bank of New York Mellon, does not reflect any intentional misrepresentation of material fact. Indeed, according to the allegations in complaint and the attached copy of the letter, Plaintiffs simply take issue with the fact that Nationstar included the owners' prior name, The Bank of New York Trust Company, N.A., as part of the address disclosed for the current holder. (Compl. Ex. A.) Thus the December 19, 2012, letter cannot support a VCPA claim based on fraudulent misrepresentation of fact.

Plaintiffs also cite to a letter dated January 10, 2013. This letter does nothing more than memorialize the fact that Nationstar elected to send Plaintiffs a copy of the original note that they signed instead of the original. (Compl. ¶ 6(c) & Ex. C.) Here, nothing in the content of this letter can be deemed a false misrepresentation. It simply reflects Nationtar's business decision to deny Plaintiffs' request for possession of the original note. Because the content of this letter is accurate, the letter cannot give rise to a VCPA claim.

Plaintiffs also cite to two letters dated January 17, 2014 and May 19, 2014 to allege a VCPA claim. (Compl. ¶ 6(f) & Ex. F.) According to Plaintiffs, the letters give rise to a VCPA claim because they are signed in the name of one Nationstar employee by different individuals. (*Id.*) Plaintiffs also allege that the letters are affidavits—they are not. (*Id.*) Like the prior letters that Plaintiffs cite to support their VCPA claim, these letters do nothing to advance the claim because they do not show that the *content* of the letters is inaccurate.

As discussed, the VCPA claim allegations fail to establish any intentional misrepresentation of a material fact by Nationstar. Therefore, Plaintiffs' VCPA claim should be dismissed with prejudice. *See Hamilton*, 88 F.Supp. 3d at 592 (dismissing VCPA claim because plaintiff "failed to plead any facts alleging fraudulent acts or misrepresentations committed by the defendants").

### c. Plaintiffs' failure to allege their reasonable reliance on any purported statements by Nationstar precludes their VCPA claim.

Not only do the VCPA allegations fail to establish that Nationstar intentionally misrepresented any material facts, the allegations also fail to show that Plaintiffs reasonably relied on any acts or representations to their detriment. "Virginia courts have consistently held that reliance is required to establish a VCPA claim." *Fravel v. Ford Motor Co.*, 973 F. Supp. 2d 651, 658 (W.D. Va. 2013) (citing cases). Here, none of the allegations for Plaintiffs' VCPA claim alleges facts showing that Plaintiffs relied on any alleged misrepresentations or omissions on the part of Nationstar. (Compl. ¶¶ 6(a), (c), (f), 15.) Accordingly, Plaintiffs have failed to allege any claim for relief under the VCPA pursuant to Virginia law, and their VCPA claim should be dismissed. *See id.* (dismissing VCPA claim where plaintiff did not plead any facts indicating reliance on any misrepresentations or omissions by defendant).

### V. Plaintiffs fail to state a claim for intentional infliction of emotional distress pursuant to Virginia law.

In their Complaint, Plaintiffs fail to plead any of the required elements of an intentional infliction of emotional distress ("IIED") claim under Virginia law. Moreover, the alleged conduct by Nationstar does not rise to the level of outrageousness required to state an IIED claim in Virginia.

### a. Plaintiffs' conclusory references to a purported IIED cause of action fails to state a claim.

To state their IIED claim, Plaintiffs only use the phrase "intentional infliction of emotional distress" twice in the complaint. Plaintiff's first use the phrase in paragraph 4 of the complaint to allege that they seek money damages for alleged "intentional torts of fraud, misrepresentation, and infliction of emotional distress." (Compl. ¶ 4.) Next, in their prayer for relief, which begins on page 14 of the complaint, Plaintiffs ask the court to grant relief for purported "intentional torts of fraud, misrepresentation, and infliction of emotional and physical distress." (Compl. at 14.) These conclusory allegations are not enough to state an IIED claim.

To state a claim for IIED in Virginia, a plaintiff must adequately allege the following: (1) the wrongdoer's conduct was intentional or reckless; (2) the conduct was outrageous and intolerable in that it offends against the generally accepted standards of decency and morality; (3) there was a causal connection between the wrongdoer's conduct and the emotional distress; and (4) the emotional distress was severe. *Faulkner v. Dillon*, 92 F. Supp. 3d 493, 500 (W.D. Va. 2015). In Virginia, IIED claims are "not favored in the law because there are inherent problems in proving a claim alleging injury to the mind or emotion in the absence of accompanying physical injury." *SuperValu, Inc. v. Johnson*, 666 S.E.2d 335, 343 (Va. 2008).

Here, the Plaintiffs have failed to allege any of the required elements of an IIED claim in the two paragraphs which mention an alleged intentional infliction of emotional distress by Nationstar. (Compl. ¶ 4, and at 14.) Nothing in either of the paragraphs mentioning "infliction of emotional distress," alleges that Nationstar acted with the intent to cause any severe emotional distress or that Nationstar knew or should have known any of the acts alleged in the complaint would cause Plaintiffs any severe emotional distress. *See Almy v. Grisham*, 639 S.E.2d 182, 187 (Va. 2007)(affirming demurrer where plaintiff did not plead that defendants knew or should have

74955457_3

known that their conduct would likely cause plaintiff any severe emotional distress); *see also Daniel v. Wells Fargo Bank, N.A.,* Case No. 1:13-cv-00612-GBL/IDD, 2013 U.S. Dist. LEXIS 150991, at *22 (E.D. Va. Oct. 17, 2013)(noting absence of intentional or reckless element of IIED claim where borrower failed to allege that lender acted with intent to cause severe emotional distress or knew that its actions would likely cause severe emotional distress). Moreover, nothing in the two paragraphs mentioning infliction of emotional distress alleges that any emotional distress purportedly suffered by Plaintiffs was severe in any way or that Nationstar's purported acts caused severe emotional distress.  For these reasons alone, Plaintiffs have failed to state a claim for IIED.

> **b.  As a matter of law, the alleged conduct by Nationstar described in the complaint cannot be deemed outrageous.**

More importantly, however, Plaintiffs have failed to allege an IIED claim because they have not alleged any outrageous or intolerable conduct by Nationstar in the complaint.   (Compl. ¶ 4, and at 14.)  This second requirement of an IIED claim is aimed at limiting frivolous suits and avoiding litigation in situations where only bad manners and mere hurt feelings are involved. *Faulkner*,  92 F. Supp. 3d at 500.  In Virginia, "[l]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Russo v. White*, 400 S.E.2d 23, 160 163 (Va. 1991).  "It is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery." *Harris v. Kreutzer*, 624 S.E.2d 24, 33 (Va. 2006).  "Where reasonable men may differ, it is for the jury, subject to the control of the court, to determine whether, in the particular case, the conduct has been sufficiently extreme and outrageous to result in liability." *Womack v. Eldridge*, 210 S.E.2d 145, 148 (Va. 1974).

74955457_3

Not only do the paragraphs mentioning infliction of emotional distress fail to plead intent, causation, and severe emotional distress, they also fail to allege that any of the acts alleged in the complaint are outrageous. (Compl. ¶ 4, and at 14.) Here, the allegations in complaint focus on Nationstar's communications about the mortgage loan that encumbers Plaintiffs' second property in Delaware (Compl. 6), its handling of payments (Compl. ¶¶ 7-9), servicing of the loan with monthly statements, declaring default, and responding to QWRs. (Compl. 13-18.) To this end, nothing alleges that any purported conduct by Nationstar can be viewed as outrageous. Plaintiffs attempted IIED claim should therefore be dismissed with prejudice. *See Bryan v. Wash. Mut. Bank*, 524 F. Supp. 753, 762-63 (W.D. Va. 2007)(dismissing a borrower's attempted IIED claim based on improper servicing of a mortgage loan where a lender pursued foreclosure on the borrower's home after borrower defaulted).

**VI. Because Plaintiffs allege the existence of a mortgage loan that Nationstar services, Plaintiffs' unjust enrichment claim fails because the terms of the note and mortgage govern the debtor-creditor relationship.**

In Virginia, "[o]ne cannot obtain quantum meruit relief from another if he has expressly delineated the contractual obligations the two will have on the subject in question." *Raymond, Colesar, Glaspy & Huss, P.C. v. Allied Capital Corp.*, 961 F.2d 489, 491 (4th Cir. 1992). In other words, when there is an express, written agreement between the parties with regard to the subject matter in question, *i.e.,* Plaintiffs' repayment of amounts owed under the note and mortgage that they signed, Plaintiffs may not pursue a claim under a theory of quantum meruit, or unjust enrichment. *See Commonwealth Group-Winchester Partners, L.P. v. Winchester Warehousing, Inc.*, No. 5:07cv00024, 2007 U.S. Dist. LEXIS 64652, at *26-*27 (W.D. Va. Aug. 31, 2007) (dismissing plaintiff's unjust enrichment claim where an express, written agreement governed litigants' relationship). In the complaint, Plaintiffs acknowledge the existence of a

written promissory note that governs the repayment terms that Nationstar is seeking to enforce as servicer of Plaintiffs' mortgage loan. (Compl. ¶ 6(c) & Ex. C.) Therefore, Plaintiffs are precluded from alleging a claim for unjust enrichment.

**VII.    Plaintiffs have failed to properly plead a claim under RESPA.**

In the complaint, Plaintiffs base their RESPA claim on the following allegations: Nationstar's alleged failure to produce the original note when requested (Compl. ¶¶ 6(c), 30), and an alleged failure to respond to Plaintiffs' purported multiple qualified written requests ("QWRs"). (Compl. ¶¶ 18, 38, 39.) These allegations do not state a RESPA claim for two reasons: production of the original note upon demand by Plaintiffs does not constitute servicing under RESPA, and Plaintiffs have failed to allege a violation of RESPA's QWR response requirements.

**a.    Production of the original note upon demand by a borrower does not constitute servicing under RESPA.**

Nationstar's refusal to give Plaintiffs the original promissory note that they signed is not a violation of RESPA. (Compl. ¶¶ 6(c), 30.) "Under RESPA, servicing is defined as receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including for escrow accounts…and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." *Minson v CitiMortgage, Inc.*, No. DKC 12-2233, 2013 U.S. Dist. LEXIS 75605, at \*9 (D. Md. May 29, 2013) (quoting 12 U.S.C. § 2605(i)(3)). Plaintiffs' demand for production of the original note from Nationstar has nothing to do with servicing a mortgage loan as defined by RESPA. *See, e.g., Bravo v. MERSCORP, Inc.*, No. 12-cv-884(ENV)(LB), 2013 U.S. Dist. LEXIS 55076, at \*9 (E.D.N.Y. Apr. 9, 2013) (dismissing RESPA claim with prejudice where alleged QWR "served as a communication challenging the validity of the loan and not a

communication relating to the servicing of the loan as defined by statute").  To this end, Plaintiff

cannot base their RESPA claim on Nationstar's refusal to provide Plaintiffs with possession of

the original promissory note that they signed.

### b.  Plaintiffs have failed to allege a violation of RESPA's QWR response requirements.

Plaintiffs' conclusory allegations that Nationstar purportedly failed to respond to

Plaintiffs' alleged QWRs also fail to state a RESPA claim.  (Compl. ¶¶ 18, 38, 39 & Ex. J.)  In

paragraph 18 of the complaint, Plaintiffs allege that Nationstar failed to respond to various letters

that are QWRs.  (Compl. ¶ 18.)  Plaintiffs, however, only attach a copy of a letter dated June 5,

2015 to allege that all other correspondence identified in paragraph 18 of the complaint comprise

QWRs.  (Compl. Ex. J.)  Here, Plaintiffs fail to allege sufficient facts showing that four other

letters allegedly sent to Nationstar and dated August 25, 2014, June 15, 2015, June 19, 2015, and

July 6, 2015, and other unspecified correspondence, qualify as QWRs.

Under RESPA, a QWR is defined as follows:

[A] written correspondence, other than notice on a payment coupon or other
payment medium supplied by the servicer, that —
    (i) includes, or otherwise enables the servicer to identify, the name and
    account of the borrower; and
    (ii)  includes a statement of the reasons for the belief of the borrower, to
    the extent applicable, that the account is in error or provides sufficient
    detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e).  With the exception of the June 6, 2015 letter that Plaintiffs attached to their

complaint as Exhibit J, Plaintiffs do nothing to describe the content of any other correspondence

identified in paragraph 18 of their complaint.  Therefore, Plaintiffs have failed to state a RESPA

claim for those writings that are not described with sufficient factual detail to show compliance

with RESPA's definition of a QWR.   *See Fedewa v. JPMorgan Chase Bank, N.A.*, 921 F. Supp.

2d 504, 510-11 (E.D. Va. 2013) (dismissing RESPA claim where complaint contained "no

74955457_3

details as to the substantive content of the request… or whether the form of the requests comported with the requirements of RESPA").

Plaintiffs have also failed to allege any pecuniary loss attributable to any alleged RESPA violation arising from any failure to respond to a QWR. (Compl. ¶ 18 & at p. 14.) So even if Plaintiffs' June 6, 2015, letter were considered to be a QWR—an allegation that Nationstar does not concede—Plaintiffs have still failed to state a RESPA claim. *See Ward v. Sec. Atl. Morg. Elec. Registration Sys.*, 858 F. Supp. 2d 561, 575 (E.D.N.C. 2012) (dismissing RESPA cause of action with prejudice where borrower failed to allege pecuniary loss attributable to lender's purported failure to respond to QWR).

## CONCLUSION

For the foregoing reasons, Nationstar prays that the court grant its motion to dismiss and issue an order dismissing Plaintiffs' complaint with prejudice.

Respectfully submitted on this 4th day of February, 2016.

/s/ Brian A. Calub
Brian A. Calub (VSB No. 46716)
McGuireWoods LLP
201 North Tryon Street
Suite 3000
Charlotte, NC
Tel: (704) 343-2009
Fax: (704) 373-8844
Email: bcalub@mcguirewoods.com

*Counsel for Defendants Nationstar Mortgage, LLC*

74955457_3

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2016, the foregoing Memorandum in Support of

Defendant Nationstar Mortgage, LLC's Motion to Dismiss Complaint pursuant to Fed. R. Civ.

12(b)(6) was filed via the court's CM/ECF system and served upon the following *pro se* parties

by first class U.S. Mail with postage prepaid and email as follows:

James A. Hegedus
Virginia E. Hegedus
P.O. Box 2325
Staunton, VA 24402
Email:  missvig21@gmail.com

and

20231 Cubbage Pond Road
Lincoln, DE 19960

/s/ Brian A. Calub
Brian A. Calub (VSB No. 46716)
McGuireWoods LLP
201 North Tryon Street
Suite 3000
Charlotte, NC
Tel:  (704) 343-2009
Fax:  (704) 373-8844
Email:  bcalub@mcguirewoods.com

*Counsel for Defendant Nationstar Mortgage, LLC*

23